UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
NINA MARIE A.,

                Plaintiff,        DECISION AND ORDER
                                  1:24-CV-09197-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In December of 2021, Plaintiff Nina Marie A.[1] applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by Dennis Kenny Law, Josephine Gottesman, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on December 10, 2025. Presently pending is Plaintiff's Motion for Remand for Further

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

Administrative Proceedings.  (Docket No. 13). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on December 6, 2021, alleging disability beginning March 31, 2021. (T at 17).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 7, 2023, before ALJ Kieran McCormack. (T at 38-84). Plaintiff appeared with an attorney and testified. (T at 48-74). The ALJ also received testimony from Linda Vause, a vocational expert. (T at 74-83).

### B.    ALJ's Decision

On December 27, 2023, the ALJ issued a decision denying the applications for benefits. (T at 14-37).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026, and had not engaged in substantial gainful activity since March 31, 2021 (the alleged onset date). (T at 20).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

The ALJ concluded that Plaintiff's multiple sclerosis, obesity, left homonymous hemianopia, and optic neuritis and atrophy of both eyes were severe impairments as defined under the Act. (T at 20).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 23).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she cannot climb ladders, ropes, or scaffolds; cannot have exposure to excessive heat; must avoid workplace hazards such as boxes on the floor, ajar doors, and/or approaching people and/or vehicles; cannot be required to operate motor vehicles or heavy machinery; can have no more than moderate exposure to unprotected heights, unprotected machinery, and/or machinery with moving mechanical parts; and can only perform work where she is permitted to use a cane for both indoor and outdoor ambulation. (T at 24).

The ALJ concluded that Plaintiff could perform her past relevant work as a caseworker. (T at 29).

In addition, and in the alternative, considering Plaintiff's age (34 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 29-31).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 31, 2021 (the alleged onset date) and December 27, 2023 (the date of the ALJ's decision). (T at 31).

On October 4, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on December 2, 2024. (Docket No. 1).  On April 2, 2025, Plaintiff filed a motion for remand for further administrative proceedings supported by a memorandum of law. (Docket Nos. 13, 14).  The Commissioner interposed a brief in opposition to the motion on May 30, 2025. (Docket No. 15).  On June 13, 2025, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 16).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether the claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III. DISCUSSION

Plaintiff raises two main arguments in support of her request for

reversal of the ALJ's decision.  First, she challenges the ALJ's assessment

of the work-related limitations caused by her vision problems.  Second,

7

Plaintiff argues that the ALJ's conclusion that her mental impairments were non-severe was flawed.  The Court will address both arguments in turn.

### A.    Vision Problems

The ALJ concluded that Plaintiff's left homonymous hemianopia, optic neuritis, and atrophy of both eyes were severe impairments. (T at 20).  The RFC determination accounts for these impairments by requiring that Plaintiff avoid certain workplace hazards; precluding Plaintiff from operating a motor vehicle or heavy machinery and from climbing ladders, ropes, or scaffolds; and limiting Plaintiff to only moderate exposure to unprotected heights or machinery. (T at 24).

Plaintiff challenges the ALJ's assessment, pointing to evidence of vision problems and pain, which she argues more significantly limit her ability to perform work-related functions, including her capacity for seeing and reading in the workplace.

The Court finds this aspect of the ALJ's decision supported by substantial evidence.

Dr. Kautilya Puri performed a consultative neurologic examination in February of 2022.  Dr. Puri assessed mild limitation in Plaintiff's fine and gross motor movements and mild limitation as to activities of daily living. (T at 1670).  Dr. Puri recommended that Plaintiff not work from heights or with

heavy machinery and opined that she should not be permitted to drive. (T at 1670).

Dr. J. Rosenthal, a non-examining State Agency review physician, assessed no limitation as to Plaintiff's visual acuity, but found her left depth perception and field of vision limited. (T at 121). Dr. Rosenthal opined that Plaintiff could avoid workplace hazards. (T at 121).

Dr. J. Sharif-Najafi, another State Agency review physician, found no limitation in Plaintiff's visual acuity or depth perception, but noted limited field of vision bilaterally. (T at 140). Dr. Sharif-Najafi also believed Plaintiff could avoid workplace hazards. (T at 140).

The ALJ found the opinions of Dr. Puri and Dr. Sharif-Najafi persuasive and the assessment from Dr. Rosenthal somewhat persuasive. (T at 27-28). Regarding Plaintiff's vision, the ALJ noted that Dr. Sharif-Najafi's assessment of no depth perception limitation and bilateral field of vision impairment was rendered on a more fully developed record than the opinion provided by Dr. Rosenthal. (T at 28).

The ALJ provided a detailed summary of the evidence regarding Plaintiff's visual impairments, reasonably describing her vision as only somewhat limited on testing (20/40 in the right eye, 20/30 in the left eye,

9

and 20/40 in both eyes (with glasses)) and generally stable over time. (T at 25-26).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Plaintiff's citation to evidence of pain and limitation in her vision is insufficient to overcome this deferential standard of review.  Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one

rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, as discussed above, the ALJ's RFC determination is supported by a reasonable reading of the record and appropriate reconciliation of the medical opinion evidence. It must therefore be sustained under the deferential standard of review applicable here.

Plaintiff also argues that the ALJ erred by failing to obtain a functional assessment of the impact of her impairments on her ability to meet the visual demands of basic work activity.

The record, however, contains extensive treatment notes, a consultative examination that included vision testing, a functional questionnaire completed by Plaintiff, and two State Agency review opinions that expressly addressed Plaintiff's vision.

Based upon this record the Court finds that the ALJ satisfied his duty to develop the record regarding Plaintiff's visual impairments. *See Francisco v. Comm'r of Soc. Sec.*, No. 13CV1486 TPG DF, 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015)(noting that "an ALJ is not required to attempt to obtain additional evidence to fill *any* gap in the medical evidence; rather an ALJ is required to do so only where the facts of the particular case suggest that further development is necessary to

11

evaluate the claimant's condition fairly")(emphasis in original); *see also*
*Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir.1999)("[W]here there are no
obvious gaps in the administrative record, and where the ALJ already
possesses a 'complete medical history,' the ALJ is under no obligation to
seek additional information ....")(quoting *Perez v. Chater*, 77 F.3d 41, 48
(2d Cir.1996)); *Sampson v. Saul,* No. 19CIV6270PAESN, 2020 WL
6130568, at *6 (S.D.N.Y. Oct. 16, 2020).

Further, when the ALJ inquired about further development of the
record during the administrative hearing, Plaintiff's counsel identified the
need for psychotherapy notes (which were obtained and included in the
record), but made no reference to the need for additional evidence
regarding Plaintiff's vision. (T at 41-45).

This provides further support for the conclusion that the ALJ satisfied
his duty to develop this aspect of the record. *See Torres v. Colvin*, No. 12
CIV. 6527 ALC SN, 2014 WL 4467805, at *6 (S.D.N.Y. Sept. 8,
2014)("Because the record was held open and Plaintiff failed to provide
supplemental evidence, the ALJ fulfilled his duty to develop the record.");
*Curley v. Comm'r of Soc. Sec. Admin*., 808 F. App'x 41, 44 (2d Cir.
2020)("Although Curley argues that the ALJ should have obtained a

medical opinion … from one of Curley's providers, Curley does not explain why neither he nor his counsel requested such an opinion.").

### B.   Mental Impairments

The ALJ recognized Plaintiff's depressive disorder as a medically determinable impairment but found that it did not cause more than minimal limitation in her ability to perform basic mental work activities and was, therefore, not a severe impairment, as defined under the Social Security Act. (T at 21).

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).  The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indication more than a mild limitation in the claimant's activity to

perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

"An ALJ's decision at step two that an impairment is not severe must be 'supported by 'substantial evidence' in the record as a whole.'" *Garcia v. Comm'r of Soc. Sec.*, No. 20CIV7539PAESLC, 2022 WL 1051134, at *15 (S.D.N.Y. Jan. 31, 2022)(citations omitted).  However, "[i]t is the claimant's burden to show at step two that she has a severe impairment." *Rye v. Colvin*, No. 2:14-CV-170, 2016 WL 632242, at *3 (D. Vt. Feb. 17, 2016) (internal quotation omitted). "A step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *2–3 (W.D.N.Y. Aug. 7, 2018), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019).

In the present case, the ALJ found that Plaintiff had mild limitation with respect to all four domains of mental functioning. (T at 22).

In April of 2022, Dr. Ruby Phillips performed a consultative psychiatric evaluation.  Dr. Phillips diagnosed persistent depressive disorder and opined that Plaintiff's psychiatric problems "may significantly interfere with [her] ability to function on a daily basis." (T at 1676).  She

14

assessed moderate limitation in Plaintiff's ability to sustain concentration and perform at pace and moderate impairment with respect to her capacity for regulating emotions, controlling behavior, and maintaining well-being. (T at 1675-76).

The ALJ found Dr. Phillips's opinion unpersuasive, concluding that it was inconsistent with the examiner's clinical examination and with the overall treatment record, which the ALJ characterized as "normal/unremarkable." (T at 28).

For the following reasons the Court finds the ALJ's decision is not supported by substantial evidence.

First, the ALJ overrated the relevance of Plaintiff's ability to maintain appropriate attendance and affect during periodic encounters with supportive mental health professionals.

The Commissioner's regulations recognize that a claimant's "ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate [her] ability to complete tasks in the context of regular employment during a normal workday or work week."  20 C.F.R. Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, No. 17 CIV. 6875 (LTS) (HBP), 2019 WL 2453343, at *13 (S.D.N.Y. Feb. 19, 2019)*,*

*report and recommendation adopted sub nom. Primo v. Comm'r of Soc. Sec.,* No. 17 CV 6875-LTS-SLC, 2021 WL 1172248 (S.D.N.Y. Mar. 29, 2021)(noting that ALJs must recognize that "the effects of a mental health issue may be different in a work setting than in a non-work setting"); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018) (decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

In addition, while the treatment notes document Plaintiff as often presenting with a cooperative attitude and appropriate engagement at medical appointments, they likewise describe a person suffering from depression, anxiety, and memory problems. (T at 548, 553, 1636, 1674, 2330, 2349, 2469, 2471, 2515-16, 2521). *See Stacey*, 799 F. Appx. at 10 (cautioning "ALJs against scouring medical notes to draw their own conclusions based on isolated descriptions"); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction.").

16

The ALJ relied on the assessments of Dr. Ochoa and Dr. Frances, the non-examining State Agency review physicians, who opined that Plaintiff's mental impairment was non-severe. (T at 116, 135).

The Court finds, however, that the ALJ erred by discounting Dr. Phillips's opinion and accepting the non-examining consultants' assessments without seeking a functional assessment from a treating mental health provider.

An ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Underpinning the heightening of the ALJ's duty is a recognition that the records and opinions of treating providers are particularly probative in claims involving mental health.  *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend

17

almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.,* 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

Although the Commissioner no longer applies the "treating physician's rule," the duty to develop the record, which includes re-contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new medical opinion regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023).

The contrast with the ALJ's consideration of Plaintiff's visual impairment is illustrative.  Although the record likewise lacks a functional assessment of Plaintiff's vision-related limitations from a treating provider, the ALJ (1) recognized Plaintiff's visual impairments as severe, (2) found the consultative examiner's assessment of the impact of those impairments' persuasive, and (3) incorporated limitations related to Plaintiff's vision into the RFC determination.

In contrast, the ALJ (1) found Plaintiff's mental impairments non-severe, (2) considered the consultative examiner's assessment of the impact of Plaintiff's mental impairments not persuasive, and (3) incorporated no mental limitations into the RFC determination.  Moreover, as noted above, the ALJ's duty to develop the record is heightened with respect to mental impairments.

A remand, therefore, is required for a proper assessment of the impact of Plaintiff's mental impairments on her ability to meet the mental demands of basic work activity.

C.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d

377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the reasons discussed above, the Court finds that the ALJ's determination that Plaintiff's mental impairments are non-severe is not supported by substantial evidence and must be revisited on remand.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand for Further Administrative Proceedings (Docket No. 13) is GRANTED, and this matter is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter judgment in favor of Plaintiff and then close the file.

Dated: January 18, 2026

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

20